166 F.3d 350
 98 CJ C.A.R. 6047
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James WARD, Plaintiff-Appellant,
v.
UNITED STATES of America; Janet Reno, Attorney General for
the United States; Kathleen M. Hawk, Director of Bureau of
Prisons; J.W. Booker, Warden, United States Penitentiary
Leavenworth, Defendants-Appellees.
 No. 98-3232.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1998.
 
 District of Kansas, D.C. No. 98-CV-3187.
 Before BALDOCK, EBEL, and MURPHY, Circuit Judges.
 ORDER AND JUDGMENT*
 MURPHY, J.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1.9. The court therefore orders the case submitted without oral argument.
 
 
 2
 James Ward, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his Bivens-type[2] civil rights complaint against various federal officials. Ward sought declaratory and injunctive relief, as well as damages, alleging he does not expect to receive appropriate consideration for a sentence reduction pursuant to 18 U.S.C. § 3621 upon completion of a drug treatment program. The district court dismissed the complaint without prejudice as premature, finding that because Ward had not yet completed the drug treatment program, been denied the reduction, and then exhausted his administrative remedies, the case was not ripe for adjudication. See Abbott Labs. v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) (holding that Constitution's ripeness requirement serves to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way").
 
 
 3
 This court reviews the district court's conclusion that the case is not ripe for adjudication de novo. See Powder River Basin Resource Council v. Babbit, 54 F.3d 1477, 1483 (10th Cir.1995). Upon de novo review of Ward's appellate brief, the district court's Order, and the entire record on appeal, we find no reversible error and, therefore, AFFIRM for substantially those reasons set forth in the district court's Order dated July 29, 1998.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)